[Civ. No. 2092.   Second Appellate District.—February 26, 1918.]

## GEORGE J. BIRKEL COMPANY (a Corporation), Respondent, v. L. CURTET, Appellant.

CONTRACT—SALE OF MUSICAL INSTRUMENT—RECOVERY OF BALANCE DUE—REPRESENTATIONS OF AGENT—PAROL EVIDENCE.—In an action to recover a balance due on a written contract for the sale of a musical instrument, parol evidence that the selling agent represented that the instrument would produce satisfactory music and was in good repair, is not admissible, where the contract contained no such representations, and in a separate clause separately signed the purchaser waived all representations and agreements other than those appearing in the contract.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Fred H. Taft, Judge.

The facts are stated in the opinion of the court.

F. McD. Spencer, and Thomson & Spencer, for Appellant.

E. S. Williams, for Respondent.

· JAMES, J.—Appeal from a judgment entered in favor of plaintiff and against the appellant Curtet. Plaintiff sued to recover a sum of money alleged in its complaint to be a balance due on a contract for the sale of a musical instrument. The contract was expressed in writing, the main portions of which set forth the terms of sale and a description of the instrument. Attached to this contract, and as a separate paragraph thereof, was the following: "I have read the foregoing contract and fully understand that George J. Birkel Company, or its assigns, will not be bound by any representation or agreement other than appears herein." The signatures of appellant and the other defendant were attached both to this paragraph and to the main contract. Execution of the contract was admitted, the appellant resting his defense upon two grounds, to wit, first, that there was an antecedent warranty as to the condition of the instrument sold and as to the manner in which it would operate; second, that the consent of the defendants to the execution of the contract was induced by representations made by plaintiff's agent that the instrument would produce satisfactory music and was in good condition of repair. The facts constituting the alleged warranty and those relied upon to sustain the defense of fraud are the same. It was further alleged in the answer that in November, 1914, which was more than one year after the making of the contract and the delivery of the instrument to the defendants, defendants rescinded the contract on the alleged ground of fraud, by restoring the instrument to the plaintiff and giving notice of rescission. As excusing the delay in making the alleged rescission, it was further alleged that defendants had seasonably notified the plaintiff of the failure of the instrument to operate in the manner as represented and warranted, and that the plaintiff undertook to repair the same and assured the defendants that the defects could be remedied. The case came on for trial, whereupon the plaintiff made proof of the condition of the account which it held against the defendants and the amount due thereon, and rested. Appellant then offered evidence to sustain the defenses of alleged warranty and fraud; whereupon the plaintiff objected to any such evidence being received, upon the ground that the contract had been reduced to writing and was presumed to contain all the terms agreed upon. This objection was sustained, as was objection also to the testimony

offered in defense to show what had become of the instrument. It may be here noted, for consideration in connection with the latter offer, that it was not pleaded by the defendants that acquiescence had been made by the plaintiff in the attempted rescission of sale. As opposed to any such situation, the plaintiff showed from the files in this case that an attachment had been levied upon the instrument at plaintiff's demand, and that the sheriff had taken the same into possession under the writ.

We think the court was right in sustaining the objection to the testimony offered by the appellant. The plaintiff not only by its written contract did not make any warranty as to the condition of or the manner in which the instrument which was the subject of the sale, would perform, but expressly obtained the written assent of appellant to a waiver of all representations and agreements other than those appearing in the contract. This condition was not merely a general one obscured by the verbiage of descriptive terms, but was pointed and special and attached as a distinct clause after the main body of the contract. While attached to, it was separate from the general terms of, the contract, and was separately signed by both defendants who were the vendees under the contract. In the alleged defense of fraud no ground is alleged tending to show that the appellant did not sign this added condition with full knowledge of its force and effect. The situation would then be this: The defendants believing that the instrument was of such a character and condition as might have been represented to them, signed the main contract. Up to that point we might say, if sufficient facts were shown, that they would be entitled to rescind for alleged fraudulent representations. However, they, with full knowledge, as we must presume, of the effect of such a condition, signed separately an express waiver of all right to complain of any misrepresentations which they now insist were made. To our minds, the case is so plain that no authorities need be cited to show that the defenses alleged in this case, under the admitted conditions of the contract, cannot be maintained. In our opinion, the trial judge properly sustained the objections to the offered testimony and the judgment entered is without error.

The judgment is affirmed.

Conrey, P. J., and Works, J., *pro tem.,* concurred.